UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Veronica Gutierrez,<br>    Plaintiff,<br><br>v.<br><br>Bluffton Township Fire District; and<br>Beaufort County,<br>    Defendants. | CASE NO.: 9:24−cv−07372-RMG-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Veronica Gutierrez, is a citizen of the State of South Carolina, and resides in Beaufort County, South Carolina.

3. The Defendant, Bluffton Township Fire District, upon information and belief, is a municipal government entity organized and operating under the laws of the State of South Carolina.

4. The Defendant, Beaufort County, upon information and belief, is a municipal government entity organized and operating under the laws of the State of South Carolina

5. The Defendants are an industry that affects commerce within the meaning of the FMLA.

6. The Defendants are a "person" within the meaning of the FMLA.

7. The Defendants employ fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

8. All employment practices alleged herein were committed within the State of South Carolina.

9. The Defendants operate a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

10. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

11. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. The Defendants adopted the Family and Medical Leave Act and offered it as a benefit to its employees.

13. In or around January 2018, the Plaintiff began working for Defendants as a Firefighter/EMT/Driver Operator, and on or around April 2021, Plaintiff began working for Defendants as a Community Risk Reduction Lieutenant/EMT.  At all times during her employment, the Plaintiff was efficient and effective in her work.

14. During her employment, the Plaintiff suffered from personal medical issues which constitute a serious health condition as defined by the FMLA.

15. In or around August 2022, Plaintiff talked to her supervisor as she was overwhelmed with her workload.  The Plaintiff was also doing a lot of additional work in addition to her job description.  The Plaintiff started seeing a doctor at the VA for mental health treatment.

16. In or around December 2022, the Plaintiff still did not have help with workload.  The Plaintiff again told her supervisor about her mental health issues.  Plaintiff's supervisor told her to talk to Human Resources, which she did and also told them that her mother was having surgery soon and she would need to be out of work to take care of her mother after the surgery.  Human Resources suggested that she take FMLA

17. On or about December 24, 2022, the Plaintiff called Human Resources and accepted FMLA leave.

18. On or about December 28, 2022, the Plaintiff had a meeting to get the FMLA paperwork that she was going to need for the doctor to fill out at her appointment scheduled for January 6, 2023.  Human Resources told Plaintiff that her FMLA request had been denied and wouldn't say any more.  Plaintiff left to speak with Fire Chief and he told her he denied her FMLA, as it would be "an abuse of sick leave."

19. On or about January 6, 2023, the Plaintiff was terminated due to her request for FMLA leave.

20. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

21. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

22. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

23. Defendants' discipline against Plaintiff and discharge of her employment as a result of her need for such leave is a violation of her rights under said statute(s).

24. By promptly terminating the Plaintiff, the Defendants failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

25. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

26. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

27. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

28. Defendants' discipline against Plaintiff and discharge of her employment as a result of her need for such leave is a violation of her rights under said statute.

29. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

30. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

31. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendants as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendants for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
December 18, 2024.